David C. Brown v. Commissioner. George C. Kuehnert v. Commissioner.
Brown v. Commissioner
Docket Nos. 20318, 20319.
United States Tax Court
1949 Tax Ct. Memo LEXIS 79; 8 T.C.M. (CCH) 816; T.C.M. (RIA) 49219; September 8, 1949
*79 Lee W. Eckels, Esq., 2812 Grant Bldg., Pittsburgh 19, Pa., for the petitioners. Albert J. O'Connor, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined deficiencies in income tax as follows: Docket No.
1943
1944
1945
David C. Brown
20318
$3,033.14
$302.36
$104.02
George C. Kuehnert
20319
578.79
870.44 The only error assigned in the petitions and urged by the petitioners in their brief is that amounts received by them under several agreements for stripping coal from their lands have been taxed by the Commissioner as ordinary income whereas they should have been taxed as capital gains in the computation of which the cost of surface acreage destroyed should be treated as a part of the cost of the property sold. The petitioners filed their individual returns with the collector of internal revenue for the twenty-third district of Pennsylvania. [The Facts] The parties filed a stipulation of facts which is adopted as findings of facts. The following facts are found from the other evidence offered: "The surface of land stripped was of no value for farming or for renting after the *80 stripping. The cost of recontouring is prohibitive. Some trees were planted on the stripped lands in an effort to reforest them but few grew. 23 acres of the Mevey Farm were stripped in 1943, none in 1944 and 16 in 1945. The stripping under the leases was not completed up to April 7, 1949 and the strippers had not attempted to get a clearance from the State of Pennsylvania for the restoration required by law. "The lessors extended the time for removal of coal under the leases to enable the lessees to remove the coal as promptly as possible." [Opinion] The petitioners entered into agreements permitting others to strip mine all coal from lands owned by them for more than six months. They claim that these agreements represented sales of coal in place under the laws of Pennsylvania, the amounts received by them represent amounts realized from the sale of capital assets and only one-half of their gains is taxable. They also argue that the cost of surface land damaged by the stripping is a part of the cost of the capital assets sold and should be so treated in computing the capital gains. The Commissioner correctly contends that the issue has been decided adversely to the petitioner's *81 contention in ; ; and , affirmed , certiorari denied . The petitioners seek to have the question reexamined but the Court sees no occasion to do that in this case. The Commissioner, in his brief, concedes that $9.75 received by each petitioner in 1945 for surface damage should be excluded from gross income and for that purpose. Decisions will be entered under Rule 50.